**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN  DISTRICT OF FLORIDA
PENSACOLA DIVISION**


JESSICA SANDERS- TORRENCE,

                P<small>LAINTIFF</small>,

v.                                   CIVIL ACTION NO.:

PERDIDO KEY RESORT
RENTALS, INC.,

                D<small>EFENDANT</small>.

_____/

## COMPLAINT

Plaintiff, Jessica Sanders-Torrence, (hereinafter referred to as the "Plaintiff" or "Sanders-Torrence"), by and through her undersigned attorney, sues the defendant, Perdido Key Resort Rental, Inc., (hereinafter referred to as the "Defendant" or "PKRR"), and alleges as follows:

### *INTRODUCTION*

1.    Plaintiff brings this is an action to remedy discrimination on the basis of sex and pregnancy and disability discrimination and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of 28 U.S.C. §§ 451, 1331, 1337,1343 and 1345 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* for employment discrimination on the basis of sex, and by the Pregnancy Discrimination Act of 1978 ("PDA") and Americans

with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## *JURISDICTION AND VENUE*

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,1343 and 1345 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* for employment discrimination on the basis of sex, and by the Pregnancy Discrimination Act of 1978 ("PDA"), and in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

3.      Jurisdiction is specifically conferred on this Court by 42 U.S.C. §2000e-5(f). Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g).

4.      This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and because the unlawful employment practices were committed in this judicial district.

5.      All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202126175) and the United States Equal Employment Opportunity Commission ("EEOC" No.:

15D202001036) on July 6, 2020. On December 30, 2020, FCHR issued a determination. Plaintiff thereafter requested her 90 day Notice of Right to Sue letter from the EEOC which was received on April 2, 2021.

## PARTIES

6.      Plaintiff is a Caucasian female who is a citizen of the state of Florida and a resident of in Pensacola, Florida.  She was employed by the Defendant from March 2019, until her termination on November 18, 2019.

7.      Defendant is a property management company specializing in vacation rental, long-term rental and real estate opportunities throughout Northwest Florida and Coastal Alabama. Defendant employs approximately 35 employees and is an employer within the meaning of Title VII, ADAA and the PDA.

## FACTS

8.      Plaintiff is a Caucasian female who resides in Pensacola, Florida.

9.      Plaintiff was hired by Defendant on February 22, 2019, as a guest services agent and began working in that role on March 7, 2019.

10.      During her employment with Defendant, Plaintiff had not been the subject of any disciplinary action and performed the duties and responsibilities of her position in a more than satisfactory manner.

11.      In October 2019, Plaintiff learned that she was thirty three (33) weeks

pregnant.

12.    Plaintiff immediately notified Defendants HR department and continued to work and perform her regular duties.

13.    After notifying Defendant of her pregnancy, she began working with her supervisor, Mendi Jones, about her plans to work after giving birth.

14.    Ms. Jones informed Plaintiff that she would be able to work remotely following the birth of her child.

15.    On November 12, 2019, Plaintiff was admitted into the hospital due to contractions and later released on November 14, 2019.

16.    On November 15, 2019, Plaintiff was readmitted to the hospital because of chest pains from her Paroxysmal supraventricular tachycardia (PSVT) and preeclampsia high blood pressure along with other pregnancy complications.

17.    Plaintiff texted Ms. Jones about all her hospitalizations and related medical issues. Ms. Jones ignored Plaintiff's text messages.

18.    On November 18, 2019, Plaintiff gave birth to her child and texted Ms. Jones a picture of her son. Ms. Jones replied congratulations.

19.    On November 18, 2019, Defendant terminated Plaintiff's employment.

20.    Defendant did not notify Plaintiff of her termination, Plaintiff found out on December 2, 2019, that she had been terminated when a co-worker texted

her a screen shot of a company wide e-mail informing everyone that Plaintiff had

been terminated and was no longer with the company.

21.    Since November 12, 2019, Defendant had knowledge of Plaintiff's

disability, preeclampsia and Paroxysmal supraventricular tachycardia (PSVT)

diagnosis when she informed Defendant of her medical conditions.

22.    Plaintiff is a qualified individual with a disability:

> (i)   she has a physical impairment that substantially limits one
> or more major life activities: Plaintiff suffered from
> preeclampsia;
>
> (ii)   Plaintiff was under the treatment of a doctor for the care
> and treatment of her physical disabilities.
>
> (iii)  she has a record of such impairment; and,
>
> (iv)  she was regarded (perceived or otherwise) by Defendant
> as having such impairments.

23.    Plaintiff's disabilities, Preeclampsia occurs when hypertension

develops after 20 weeks of pregnancy and is associated with signs of damage to

other organ systems, including the kidneys, liver, blood or brain. Untreated

preeclampsia can lead to serious — even fatal — complications for mother and

baby, including development of seizures (eclampsia).

24.    Paroxysmal supraventricular tachycardia (PSVT) in pregnancy is a

type of tachyarrhythmia in which the heart rate is greater than 120 beats/ min.

25.    Defendant knew of Plaintiff's medical conditions and refused to

engage in any type of interactive process or discuss Plaintiff's reasonable accommodation of working remotely following the birth of her son. Instead, Defendant terminated Plaintiff effective November 18, 2019, the day she gave birth to her son.

26.    Plaintiff was terminated because of her pregnancy, medical conditions and the failure of Defendant to provide a reasonable accommodation, the reasons given for Plaintiff's termination were a pretext for Defendant's discrimination against her because of pregnancy.

## FIRST CAUSE OF ACTION
### (TITLE VII - Sex Discrimination)

27.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 26 of this complaint with the same force and effect as if set forth herein.

28.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of the Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA").

29.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## SECOND CAUSE OF ACTION

(Pregnancy Discrimination Act of 1978 ("PDA"))

30.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 26 of this complaint with the same force and effect as if set forth herein.

31.     Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her pregnancy in violation of the Pregnancy Discrimination Act of 1978 ("PDA").

32.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### THIRD  CAUSE OF ACTION
*(DISABILITY - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

33.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 26 of this complaint with the same force and effect as if set forth herein.

34.     This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

35.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

36.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

37.     On November 15, 2019, Plaintiff was readmitted to the hospital because of chest pains from her Paroxysmal supraventricular tachycardia (PSVT) and preeclampsia high blood pressure along with other pregnancy complications.

38.     Plaintiff texted Ms. Jones about all her hospitalizations and related medical issues. Ms. Jones ignored Plaintiff's text messages.

39.     On November 18, 2019, Plaintiff gave birth to her child and texted Ms. Jones a picture of her son. Ms. Jones replied congratulations.

40.     On November 18, 2019, Defendant terminated Plaintiff's employment.

41.     Defendant did not notify Plaintiff of her termination, Plaintiff found out on December 2, 2019, that she had been terminated when a co-worker texted her a screen shot of a company wide e-mail informing everyone that Plaintiff had been terminated and was no longer with the company.

42.   Since November 12, 2019, Defendant had knowledge of Plaintiff's disability, preeclampsia and Paroxysmal supraventricular tachycardia (PSVT) diagnosis when she informed Defendant of her medical conditions.

43.   Plaintiff is a qualified individual with a disability:

(i)   she has a physical impairment that substantially limits one or more major life activities: Plaintiff suffered from preeclampsia;

(ii)   Plaintiff was under the treatment of a doctor for the care and treatment of her physical disabilities.

(iii)   she has a record of such impairment; and,

(iv)   she was regarded (perceived or otherwise) by Defendant as having such impairments.

44.   Plaintiff's disabilities, Preeclampsia occurs when hypertension develops after 20 weeks of pregnancy and is associated with signs of damage to other organ systems, including the kidneys, liver, blood or brain. Untreated preeclampsia can lead to serious — even fatal — complications for mother and baby, including development of seizures (eclampsia).

45.   Paroxysmal supraventricular tachycardia (PSVT) in pregnancy is a type of tachyarrhythmia in which the heart rate is greater than 120 beats/ min.

46.   Defendant knew of Plaintiff's medical conditions and refused to engage in any type of interactive process or discuss Plaintiff's reasonable accommodation of working remotely following the birth of her son. Instead,

Defendant terminated Plaintiff effective November 18, 2019, the day she gave birth to her son.

47.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

48.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

49.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that She has lost wages, associated job benefits; and in addition, She has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

50.    As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the

unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

51.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

52.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## FOURTH CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

53.      Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 26  of this complaint with the same force and effect as if set forth herein.

54.      This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

55.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42

U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

56.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

57.     On November 15, 2019, Plaintiff was readmitted to the hospital because of chest pains from her Paroxysmal supraventricular tachycardia (PSVT) and preeclampsia high blood pressure along with other pregnancy complications.

58.     Plaintiff texted Ms. Jones about all her hospitalizations and related medical issues. Ms. Jones ignored Plaintiff's text messages.

59.     On November 18, 2019, Plaintiff gave birth to her child and texted Ms. Jones a picture of her son. Ms. Jones replied congratulations.

60.     On November 18, 2019, Defendant terminated Plaintiff's employment.

61.     Defendant did not notify Plaintiff of her termination, Plaintiff found out on December 2, 2019, that she had been terminated when a co-worker texted her a screen shot of a company wide e-mail informing everyone that Plaintiff had been terminated and was no longer with the company.

62.     Since November 12, 2019, Defendant had knowledge of Plaintiff's

disability, preeclampsia and Paroxysmal supraventricular tachycardia (PSVT) diagnosis when she informed Defendant of her medical conditions.

63.    Plaintiff is a qualified individual with a disability:

> (i)   she has a physical impairment that substantially limits one or more major life activities: Plaintiff suffered from preeclampsia;
>
> (ii)   Plaintiff was under the treatment of a doctor for the care and treatment of her physical disabilities.
>
> (iii)  she has a record of such impairment; and,
>
> (iv)  she was regarded (perceived or otherwise) by Defendant as having such impairments.

64.    Plaintiff's disabilities, Preeclampsia occurs when hypertension develops after 20 weeks of pregnancy and is associated with signs of damage to other organ systems, including the kidneys, liver, blood or brain. Untreated preeclampsia can lead to serious — even fatal — complications for mother and baby, including development of seizures (eclampsia).

65.    Paroxysmal supraventricular tachycardia (PSVT) in pregnancy is a type of tachyarrhythmia in which the heart rate is greater than 120 beats/ min.

66.    Defendant knew of Plaintiff's medical conditions and refused to engage in any type of interactive process or discuss Plaintiff's reasonable accommodation of working remotely following the birth of her son. Instead, Defendant terminated Plaintiff effective November 18, 2019, the day she gave

birth to her son.

67.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

68.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

69.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

70.    As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the

unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

71.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

72.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.


## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)     Declaring the acts and practices complained of herein are violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

b)     Enjoining and permanently restraining those violations of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and the Americans with Disabilities Act, (ADA), 42 U.S.C. §§

12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

c)      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: June 10, 2021.                    By: */s/ Clayton M. Connors*
                                                        CLAYTON M. CONNORS

Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388

Attorney for the Plaintiff